Btjllabd, J.
delivex-ed the opinion of the court.
The second municipality of the city of New Orleans obtained an injunction from the first district court to restrain the first municipality from continuing- the construction of a wharf extending from the levee into the bed of the river, and in such a direction as to render useless a wharf already existing and belonging to the plaintiffs, above the divisional line between the two municipalities. The plaintiffs pray that the wharf thus erected to their prejudice may be demolished and abated, and the defendants have appealed from a judgment in conformity to the prayer of the plaintiffs.
The line of division‘'between the two municipalities runs through the centre of Canal-street to the river, and the eleventh section of the law dividing the city declares that “ each of the aforesaid corporations shall have the exclusive right to make and enforce all public laws and regulations within their respective limits, and to regulate at their own expense, make all improvements to the streets, public squares, wharves, and other public property, the use of which is now common.”
The base of the wharf complained of is clearly within the limits [576] of the first municipality, and it extends out into the river in the direction which the division line would take if prolonged beyond the outer edge of the levee.- The question, therefore, which the case presents, is whether the first municipality has a right to run out the whax-f in that direction, so as to mask and render useless a wharf above the line belonging to the second municipality, and which existed before the division of the city.
The city of New Orleans does not embrace the river. The limits are declared by law to extend to the river, and this court held in the ease of Thompson v. Blackwell, that in designating boundaries, the word to without the word inclusive, excludes the object to which the line runs. 5 La. Rep. 465. The city therefox-e terminates at the outer edge of the levee, which is by law the bank of the river. La. Oode, 448. The line of division between the two municipalities consequently terminates there, and the direction fi’om the levee into the river, of wharves to be built after the division of the city is not necessarily governed by that line. The law therefore is silent as to the manner of constructing wharves, and does not require that they should run out into the river in any particular direction, and we must look elsewhere for a guide in this mattex-.
*348 The law destines to publio uses the bank of the Mississippi, and this use, so far as the port of New Orleans is concerned, is under the regulation of the three municipalities of the city, whose duty it is to provide and keep up wharves and other similar conveniences for the accommodation of commerce. The municipalities stretch along the curve of the river, and such a system ought to be adopted in the construction of wharves as to make every part of the bank accessible, if possible, and not to permit one to obstruct another. Each municipality is bound to administer in such a manner as not to interfere with the rights or duties of the others. The only reasonable method of solving such a problem is to construct all the wharves at right angles to the [577] levee. They would then all converge more or less to a common centre through the whole extent of the curvature of the bank. Such was the system adopted by the city authorities before the division, and no good reason has been given why it should be abandoned, especially at the point of separation between the two upper sections of the city, when from the course of the river it is manifest that a wharf carried out by the defendants in the same direction with Oanal-street, would render useless several wharves already existing in the upper municipality. That system was adopted after duly considering what would best suit the interests of commerce, and facilitate navigation, as well as what would be most economical for the city.
The defendants contend that as the batture in front of the city continues to increase, it will be divided between the two municipalities by a continuation of the division line running through the centre of Canal-street, and hence they infer the reasonableness of projecting the wharf in that direction, still parallel to that line and at a considerable distance from it. In what proportions any new alluvion may fall within the limits of the two municipalities it is not now necessary to inquire, but it ■ appears to us that if a new levee should hereafter be formed further in the river, and the construction of new wharves should become necessary, it would still be just and proper that they be perpendicular to the new levee. The fact that such a change would eventually give to the first municipality a larger segment of the curve, is very far from proving that they have now a right-to anticipate such a change, and thereby defeat the rights of the plaintiffs to enjoy a wharf already existing when the city was divided.
Upon the whole, we concur with the district court in opinion, that the construction of the new wharf as contemplated by the defendants is a violation of the rights of the second municipality, and consequently that it ought to be demolished, and the injunction perpetuated.
[578] It is therefore ordered and decreed, that the judgment of the district court be affii-med, with costs.